No

No. 99-069

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 167N

IN RE THE MODIFICATION OF

CUSTODY OF L.S. & K.S.

PAMELA J. SWAN,

Petitioner and Appellant,

v.

LEONARD JOE SWAN,

Respondent and Respondent.

APPEAL FROM: District Court of the Second Judicial District,

In and for the County of Butte-Silver Bow,

The Honorable James E. Purcell, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

James Maher, Basin, Montana

For Respondent:

Jesse Beaudette, Corette, Pohlman & Kebe, Butte, Montana

Submitted on Briefs: April 29, 1999

Decided: July 8, 1999

Filed:

_____

No

Clerk

Justice William E. Hunt, Sr. delivered the Opinion of the Court.

**¶1. Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases.**

**¶2. Respondent Leonard Joe Swan ("Joe") filed a motion in District Court to amend a prior parenting plan. The District Court entered its findings of fact, conclusions of law and decree, and ordered that the primary custody of their two minor daughters be switched from Petitioner Pamela J. Swan ("Pamela") to Joe. Pamela appeals.**

**¶3. First, Pamela argues that substantial evidence does not support the District Court's findings of fact. We disagree. Section 40-4-219, MCA, provides that the District Court has the discretion to amend a prior parenting plan, if it finds that a change "has occurred in the circumstances of the child" such that the amendment is "necessary to serve the best interest of the child." In determining the best interest of the child, the District Court must consider all relevant parenting factors, which may include the factors enumerated at § 40-4-212, MCA, and § 40-4-219, MCA.**

**¶4. In this case, the District Court found that the two daughters did not have continuous or stable care while living with Pamela. It found that Pamela had overdosed on drugs while the children were in her care, and that she has been physically abusive with Joe and his girlfriend Joan Sullivan ("Joan"). The court also found that both daughters were absent from school or were tardy an excessive number of days, causing their school work to suffer. In contrast, since the time they have been living with Joe, their grades have improved, and they have adjusted to their home, community and school in Butte.**

**¶5. After carefully reviewing the record, we hold that the court's findings are supported by substantial evidence. The record indicates that the daughters' home life**

was unstable. Although Pamela originally had custody of them for nine years, they actually lived with Joe for extensive periods of time, including for a period of time after Pamela overdosed on drugs and during another period when she was the victim of domestic abuse and lived with a man who physically beat her. Most recently, the daughters have lived with Joe for approximately one and a half years prior to the court's decision, and they have fully integrated into their home in Butte. Under Pamela's care, the children were not thriving, as evidenced by their excessive absences from school, while under Joe's care, their grades substantially improved. We hold that substantial evidence supports the court's conclusion that a change of circumstances has occurred such that an amendment was necessary to serve the children's best interests.

¶6. Pamela next contends that the District Court erred when it failed to interview the children before rendering its decision. This Court has held, however, that a district court is not required to interview the children in every case. McDowell v. McDowell (1994), 263 Mont. 252, 256, 868 P.2d 1250, 1252. While we would have preferred that the court interview the children to determine their views, in light of the record developed below, we cannot hold that the failure to do so in this case was error. As we have already stated, the record indicates that the children's home life with Pamela was unstable. With Joe, they have fully integrated into the home, school and community in Butte, and their grades have improved. Under these circumstances, we hold that the court did not err when it failed to interview the daughters.

¶7. Finally, according to § 40-4-219(3) and § 40-4-219(1)(d), MCA, a court "shall presume a parent is not acting in the child's best interest" if one parent has "willfully and consistently" denied or frustrated contact with the child by the other parent. Pamela maintains that Joe frustrated her visitation rights by denying her contact with their children. For example, Joe identified his girlfriend, Joan, as the children's legal guardian on their school records, and thereby frustrated Pamela's attempts to visit her own children at a school dance. Pamela contends that a presumption has thus arisen that Joe is not acting in the children's best interest, and that Joe has not overcome that presumption. Indeed, the District Court held that Joe had denied Pamela contact with the daughters, either in person or by phone, and the record indicates that on some occasions he taped his daughters' telephone conversations with Pamela.

¶8. However, the evidence does not indicate that Joe "willfully and consistently"

denied Pamela contact with his daughters. The record is replete with evidence that on other occasions Pamela did, in fact, have contact with her children while they were in Joe's care. We hold that under these facts, a presumption did not arise that Joe was not acting in the best interests of his children.

¶9. That is not to say, however, that Joe's conduct has been without fault. Pamela is obviously very concerned that she still play a vital and important role in her children's lives, and that neither Joe nor his girlfriend Joan damage her relationship with them. In particular, Pamela has expressed concern that Joan has made disparaging remarks about her to her daughters; that her telephone conversations with them have been recorded; that one daughter was grounded when she gave Pamela a copy of her school picture; and that Joe has thwarted her efforts to have access to her children at their school.

¶10. The District Court addressed Pamela's concerns. For example, it ordered that each parent shall have independent authority to confer with the school about their children's progress and shall have free access to school and medical records; that each parent shall have access to all information regarding the well-being of the children, including order forms for school pictures and samples of school work; that each parent shall be allowed unlimited communications by telephone and mail with the children and that such communications shall be private and not be recorded; and that neither parent nor any adult in the home shall make disparaging remarks about the other parent in front of the children. Additionally, the court ordered that Pamela have liberal visitation rights. Should Joe violate this order, Pamela has recourse to obtain relief.

¶11. Based upon all the foregoing, the District Court's findings of fact, conclusions of law and decree is affirmed.

¶12. Affirmed.

/S/ WILLIAM E. HUNT, SR.

No

We Concur:

/S/ J. A. TURNAGE

/S/ JAMES C. NELSON

/S/ JIM REGNIER

/S/ W. WILLIAM LEAPHART